**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS W. SIMPSON, | No. 12-56643 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-05207-AHM-PJW |
| v. | |
| JOHN E. POTTER, Postmaster General, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted February 14, 2014[**]
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

Dennis Simpson sued his employer, Postmaster General John Potter, for age

and disability discrimination and retaliation, among other claims. The district court

dismissed Simpson's age discrimination claims for lack of subject matter

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction and subsequently granted summary judgment on the remaining claims. Having reviewed Potter's motion to dismiss and motion for summary judgment de novo, *Centerprise Int'l, Ltd. v. Micron Tech., Inc.* (*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*), 546 F.3d 981, 984 (9th Cir. 2008); *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1137 (9th Cir. 2009), we affirm the district court's grant of both motions.

1. On appeal, Simpson does not mention the procedural requirements that would give the federal court subject matter jurisdiction over his age discrimination claims. *See Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (discussing procedural requirements). Thus, Simpson waived his subject matter jurisdiction argument. *See Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998).

2. Simpson also waived his Rehabilitation Act claims, *see* 29 U.S.C. § 794(a), because his appellate briefing fails to even allege that Potter took adverse employment action against him solely based on disability. *See Kim*, 154 F.3d at 1000.

3. Simpson failed to present a genuine issue of material fact with respect to the causal nexus between the United States Postal Service's knowledge of Simpson's Equal Employment Opportunity ("EEO") proceedings and the alleged constructive suspension and constructive termination. *See Cohen v. Fred Meyer,*

2

*Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) (setting forth prima facie retaliation claim). The record reflects that Simpson's superiors Laura Landgraf and Joel Smith learned of Simpson's EEO activities after his notice of removal had been issued. Thus, the alleged constructive suspension and alleged constructive termination could not have resulted from their knowledge of Simpson's EEO proceedings.

4. Simpson generally claimed "legal error" with respect to the district court's grant of the motion to dismiss and motion for summary judgment. To the extent Simpson intended to appeal more issues than those discussed in this disposition, Simpson waived those issues. *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001) (finding issues waived when mentioned in a brief but not supported by argument).

**AFFIRMED.**